IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RECEIVED-CLERK
U.S. DISTRICT COURT
2006 JUN -9  A 11: 42

IN RE:

PITTSBURGH BREWING
COMPANY, INC.,

        Debtor.

Bankruptcy No. 05-50347-MBM

In The United States Bankruptcy Court For The Western District of Pennsylvania I, the undersigned Deputy Clerk, U.S. Bankruptcy Court in and for said District, DO HEREBY CERTIFY that this copy has been compared with the original thereof and that it is a complete and correct copy of such original as it appears of record and on file in my office.
IN TESTIMONY WHEREOF I have hereunto set my hand at Pittsburgh in said District, this 7th day of June, 2006.

_____
Deputy Clerk, U.S. Bankruptcy Court

IUE-CWA PENSION FUND and
JOHN BARMACK, LAWRENCE T.
CODY, ROGER DEEL, JIM CLARK,
MARY SHOFNER and DOUG
WILLIAMS, as Trustees of the
IUE-CWA Pension Fund,

        Plaintiffs,

v.

JOSEPH R. PICCIRILLI,

        Defendant.

Chapter 11

Adversary No. 06-2077-MBM

Appearances:    James D. Newell, for IUE-CWA Pension Fund, et al.
                    Robert O. Lampl, for Pittsburgh Brewing Company, Inc.
                    Steven T. Shreve, for Joseph R. Piccirilli.

## MEMORANDUM OPINION

**AND NOW**, this 8th day of May, 2006, upon consideration of (a) the complaint filed by the IUE-CWA Pension Fund, et al. (hereafter "the Pension Fund"), against Joseph Piccirilli (hereafter "Piccirilli"), which complaint was filed first in the United States District Court for the District of New Jersey and then removed to this Court by Pittsburgh Brewing Company, Inc., the instant debtor (hereafter "the Debtor"), (b) the motion by the Pension Fund for remand of its action against Piccirilli (hereafter "the Pension Fund's Action"), and (c) the response to, and reply in support of, the aforesaid remand motion, as well as the

exhibits submitted by the parties in support of their respective positions;

and subsequent to notice and a hearing on the Pension Fund's remand motion held on May 4, 2006,

**it is hereby determined that the Court shall issue an order granting the Pension Fund's remand motion and, accordingly, remanding the Pension Fund's Action to the United States District Court for the District of New Jersey.** The Court determines that it must so remand the Pension Fund's Action, which action is nothing more than an action against Piccirilli for an alleged breach by him of a settlement agreement to which he made himself a party, because the Court holds, in turn, that it lacks subject matter jurisdiction over such action. The Court so holds for the reasons set forth below.

The Court possesses subject matter jurisdiction over the Pension Fund's Action only if such action is related to the Debtor's bankruptcy within the meaning of 28 U.S.C. § 1334(b), that is if "'the outcome of that proceeding could conceivably have any effect on the [Debtor's] estate being administered in bankruptcy.'" Halper v. Halper, 164 F.3d 830, 837 (3rd Cir. 1999) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)).

The Debtor and Piccirilli, who is an officer of the Debtor, contend that the Pension Fund's Action could conceivably have an effect on the Debtor's bankruptcy estate because, they argue in turn, if such action is resolved adversely to Piccirilli, then Piccirilli will obtain, as a consequence thereof, a claim back against the Debtor, either by virtue of indemnification or contribution/

2

subrogation.[1] The Debtor and Piccirilli ground Piccirilli's potential indemnification claim upon Article VII, § 6 of the Debtor's bylaws, which provision provides that the Debtor "shall indemnify its officers, directors, employees and agents to the full extent permitted by the General Corporation Law of Delaware" (hereafter "the Indemnification Provision").

In determining whether the Court possesses subject matter jurisdiction over the Pension Fund's Action by virtue of the Indemnification Provision, the Third Circuit

> instruct[s] us to ask two questions. First, is the debtor's liability automatically triggered when the purported related action against the party seeking indemnification is begun? Second, is a later lawsuit against the debtor, after the resolution of the action not involving the debtor, a prerequisite to a finding of indemnification? If the answer to the first question is no or the answer to the second is yes, "related to" jurisdiction does not exist.

Steel Workers Pension Trust v. Citigroup, Inc., 295 B.R. 747, 753 (E.D.Pa. 2003) (distilling the Third Circuit's pronouncements on subject matter jurisdiction as set forth in Pacor and In re Federal-Mogul Global, Inc., 300 F.3d 368 (3rd Cir. 2002)).

Unfortunately for the Debtor and Piccirilli, the Court holds, under the best

---

[1] The Debtor and Piccirilli advance several other arguments in support of their position that the Court possesses subject matter jurisdiction over the Pension Fund's Action, each of which are summarily rejected by the Court.

3

case scenario for such litigants, that the Debtor's liability to Piccirilli via the Indemnification Provision will not have been triggered automatically by the institution of the Pension Fund's Action, and litigation subsequent to an adverse resolution of such action will be necessary before a determination can be made that there exists such liability on the Debtor's part. The Court so holds because the Court concludes, in turn, that the Indemnification Provision serves to provide Piccirilli with only qualified, that is not absolute, indemnification. The last conclusion follows given that (a) the Indemnification Provision provides for indemnification, by its very terms, to the full extent permitted by applicable Delaware law, and (b) applicable Delaware law only allows a corporation to indemnify one of its officers (i) against expenses, judgments, etc. incurred by such officer in connection with a pending action to which such officer is made a party "*by reason of the fact that the person is or was a[n] ... officer ... of the corporation,*" Del. Code. Ann. tit. 8, § 145(a) (2006) (emphasis added), and (ii) "*if the person acted in good faith and in a manner the person reasonably believed to be in or not opposed to the best interests of the corporation,*" Id. (emphasis added). The Court holds, furthermore, that the foregoing best case scenario cannot even materialize for the Debtor and Piccirilli – although such best case scenario is, of course, of little utility itself for jurisdictional purposes – given that (a) the Pension Fund, in the Pension Fund's Action, sues Piccirilli not by reason of the fact that he is an officer of the Debtor but rather by virtue of his simply having allegedly breached a contract to which he made himself a party, *see*

4

AO 72A
(Rev. 8/82)

Cochran v. Stifel Financial Corporation, 2000 WL 1847676 at 5-8 & n.23 (Del.Ch. 2000), *aff'd in part, rev'd in part*, 809 A.2d 555 (Del. 2002) (citing, *inter alia* at n.23, Tilden of New Jersey, Inc. v. Regency Leasing Systems, Inc., 655 N.Y.S.2d 962 (N.Y.App.Div. 1997), wherein the Tilden court held that, "[i]nasmuch as the action against the defendant ... is based upon a personal guaranty, the action is not brought against him 'by reason of the fact that he ... was a director or officer of the corporation' within the meaning of that phrase as employed in [the New York indemnification statute, which is similar to Del. Code. Ann. tit. 8, § 145(a)]") (relevant portion of lower ct. Cochran opinion remains good law, *see* higher ct. Cochran decision at headnote 9), and (b) the institution of the Pension Fund's Action, thus, can never, let alone automatically, trigger liability on the Debtor's part to Piccirilli via the Indemnification Provision.

Consequently, an indemnification claim by Piccirilli against the Debtor as a result of the Pension Fund's Action cannot serve as a basis upon which the Court can exercise subject matter jurisdiction over such action.

As for the argument that the Pension Fund's Action could conceivably have an effect on the Debtor's bankruptcy estate by ultimately causing Piccirilli to bring a claim against the Debtor for common law contribution/subrogation, the Court rejects such argument. The Court so rules (a) because, as a matter of law, a claim for common law contribution/subrogation cannot conceivably affect a bankruptcy estate until after the party seeking contribution/subrogation has suffered, and then satisfied, an adverse judgment, *see* In re North American Refractories Company, 280 B.R. 356, 361-62 (Bankr.W.D.Pa. 2002); *see also*

Federal-Mogul, 300 F.3d at 382 ("related to" subject matter jurisdiction exists only if "the allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of another – even a third-party – lawsuit"); 46 P.L.E.2d Subrogation §§ 1-5 (Bender 2005) ("A prerequisite to the enforcement of a right of subrogation is the payment of the subrogor's claim;" same with respect to the right of contribution, that is one must have "paid more than his or her proper share of the joint liability to force" contribution), and (b) given that Piccirilli has not yet suffered an adverse judgment in the Pension Fund's Action, let alone satisfied such judgment.

In light of all of the foregoing, the Court determines that it shall issue an order that grants the Pension Fund's remand motion and, accordingly, remands the Pension Fund's Action to the United States District Court for the District of New Jersey.

BY THE COURT

M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

DATED:    May 8, 2006

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>**PITTSBURGH BREWING COMPANY, INC.,**<br>　　　　　Debtor. | Bankruptcy No. 05-50347-MBM |
| **IUE-CWA PENSION FUND** and **JOHN BARMACK, LAWRENCE T. CODY, ROGER DEEL, JIM CLARK, MARY SHOFNER** and **DOUG WILLIAMS,** as Trustees of the IUE-CWA Pension Fund,<br>　　　　　Plaintiffs,<br><br>v.<br><br>**JOSEPH R. PICCIRILLI,**<br>　　　　　Defendant. | Chapter 11<br><br>Adversary No. 06-2077-MBM |

### ORDER OF COURT

**AND NOW,** this **8th day** of **May, 2006,** for the reasons set forth in the accompanying Memorandum Opinion of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that the remand motion of the Plaintiffs (i.e., IUE-CWA Pension Fund, et al.) is **GRANTED** and, accordingly, the Plaintiffs' above-captioned action, which action is the subject of such remand motion, is **REMANDED** to the United States District Court for the District of New Jersey.

　　　　　　　　　　　　　　　　　BY THE COURT

　　　　　　　　　　　　　　　　　_/s/ M. Bruce McCullough_
　　　　　　　　　　　　　　　　　M. BRUCE McCULLOUGH,
　　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge

AO 72A
(Rev. 8/82)

copies to:

James D. Newell
Klett Rooney Lieber & Schorling
One Oxford Centre, 40th Floor
Pittsburgh, PA 15219

Robert O Lampl
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222

Steven T. Shreve
Pitt Building
213 Smithfield Street, Suite 303
Pittsburgh, PA 15222

Robert Sable
McGuire Woods
Dominion Tower, 23rd Floor
625 Liberty Avenue
Pittsburgh, PA 15222

2

AO 72A
(Rev. 8/82)